IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02170-SKC-JPO

JASON RAY CLARK,

    Plaintiff,

v.

COLORADO DIVISION OF SECURITIES, *et al.*,

    Defendants.

---

## ORDER REGARDING FINRA MOTION TO DISMISS (DKT. 23)

This case is one of many filed by Plaintiff Jason Ray Clark, proceeding *pro se* in each,[1] that find their genesis in a dispute between Plaintiff and Defendant Charles Schwab & Co., Inc. (Schwab). The original dispute came to a head when Schwab notified Plaintiff that effective July 6, 2021, Schwab intended to terminate the Investment Advisor Services Agreement (Services Agreement) between Plaintiff, operating as Clark Brother Investments (CBI),[2] and Schwab. *Clark v.*

---

[1] Because Plaintiff proceeds *pro se*, the Court must construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court cannot act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Plaintiff refers to himself and CBI interchangeably. CBI appears to be an expired trade name of Plaintiff. *See* Colorado Secretary of State – Summary, https://www.coloradosos.gov/biz/TradeNameSummary.do?quitButtonDestination=BusinessEntityResults&nameTyp=TRDNM&masterFileId=20181450606&entityId2=20181450606&fileId=20181450606&srchTyp=TRDNM (Apr. 22, 2024). The Court

1

*Charles Schwab & Co. Inc.*, No. 1:22-cv-03015-SKC-SBP, ECF Dkt. 27, at *2 (D. Colo. Mar. 26, 2024).[3] CBI, through Plaintiff, then began a FINRA[4] arbitration against Schwab. *Id.* The FINRA arbitral panel ruled that all of Plaintiff's arbitration claims failed and awarded nothing to either side.[5] *Id.* This case and Plaintiff's other cases followed.[6]

Plaintiff filed his Complaint in this case on August 24, 2023, against

---

will refer to them interchangeably, unless otherwise noted.

[3] The Court takes judicial notice of Plaintiff's other related lawsuits and documents filed in those cases, including for the factual background of this case. *See Armstrong v. JPMorgan Chase Bank Nat'l Ass'n*, 633 F. App'x 909, 911 (10th Cir. 2015) (citation omitted) ("A court may consider facts subject to judicial notice–including facts that are a matter of public record, such as documents filed in other litigation . . . ."); *Tuttle v. Nationwide Affinity Ins. Co. of Am.*, No. 19-cv-00526-NYW, 2019 WL 2208513, at *2 (D. Colo. May 22, 2019) (a court may take judicial notice of other cases for the factual background of the case).

[4] FINRA is short for Financial Industry Regulatory Authority, a "not-for-profit organization that oversees U.S. broker-dealers." *About FINRA*, https://www.finra.org/about (Apr. 22, 2024).

[5] The panel did assess arbitration fees against the parties totaling $22,650.

[6] Plaintiff's additional cases in the District Court of Colorado include: *Clark v. Charles Schwab & Co. Inc.*, No. 1:22-cv-03015-SKC-SBP (dismissed for lack of subject matter jurisdiction); *Clark v. Colorado Division of Securities*, 1:23-cv-00191-SKC-JPO (dismissed for lack of subject matter jurisdiction); *Clark v. Kidd-Aaron*, 1:23-cv-00860-LTB (dismissed for failure to prosecute and to cure deficiencies); *Clark Brothers, Inc. v. Colorado Division of Securities*, 1:23-cv-02166-CNS-SKC (dismissed for failing to comply with Fed. R. Civ. P. 11, D.C.Colo.LAttyR 5(a)(5), and D.C.Colo.LAttyR 5(b)); *Clark v. Weiser*, 1:23-cv-03187-LTB (dismissed for failure to prosecute and to cure deficiencies); and *Clark v. Weiser*, 1:23-cv-03283-SKC-SBP (pending).

2

Defendants Colorado Department of Securities (CDS), Colorado Attorney General, FINRA, and Schwab. Dkt. 1, p.2.[7] He alleges a variety of claims, including that Defendants violated his First Amendment right to free speech, his "right to due process and discovery" under the Fifth and Fourteenth Amendments, "the Constitutionality of State Statu[t]es by Violating The United States Constitution's separation of powers clause and appointments & removal clause," Plaintiff's "constitutional unalienable right of life, liberty, and the pursuit of happiness," and "[i]nexcusable acts of negligence, evident partiality, undo means, manifest disregard of the law, and fraud." *Id.* at pp.3, 6. Plaintiff's claims stem from the aforementioned FINRA arbitration, which Plaintiff alleges was prompted by CDS making statements or inquiries about Plaintiff to Schwab. *Id.* at p.6. Plaintiff seeks damages of $3,998,142,530 and reinstatement of his investment advisor licenses. *Id.* at p.4.

On October 23, 2023, FINRA filed its Motion to Dismiss Plaintiff's Complaint (Motion) arguing the Court should dismiss Plaintiff's claims against it because: (1) Plaintiff failed to properly serve FINRA's agent and failed to serve a summons with the Complaint; (2) the Court lacks subject matter jurisdiction because Plaintiff brings claims alleging constitutional violations by a non-state actor; (3) FINRA is protected by the doctrine of arbitral immunity; and (4) the Complaint

---

[7] The Court uses "Dkt.__" to refer to specific docket entries in the CM/ECF electronic docket.

3

fails to state a claim against FINRA upon which relief may be granted. Dkt. 23, pp.4-14. Plaintiff filed his Response (Dkt. 33) opposing the Motion, and FINRA filed a Reply (Dkt. 40) in support of it.

The Court carefully reviewed the Motion, associated briefing, the docket, and applicable law. No hearing is necessary. Because the Court finds the doctrine of arbitral immunity applies to FINRA, the Court GRANTS the Motion and DISMISSES FINRA from this case.[8]

## LEGAL PRINCIPLES

The Tenth Circuit recognizes the doctrine of arbitral immunity. *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1159 (10th Cir. 2007). "The key question . . . is whether the claim at issue arises out of a decisional act. In other words, does the claim, regardless of its nominal title, effectively seek to challenge the decisional act of an arbitrator or arbitration panel? If so, then the doctrine of arbitral immunity should apply." *Id.* (citations omitted). Arbitral immunity, like judicial immunity, is "essential to protect the decision-makers from undue influence and protect the decision-making process from reprisals by dissatisfied litigants." *Id.* (quoting *New England Cleaning Servs., Inc. v. Am. Arb. Ass'n*, 199 F.3d 542, 545 (1st Cir. 1999)). If arbitral immunity applies, it shields arbitrators "from civil liability for all acts performed in their arbitral capacity."

---

[8] Because dismissal is based on FINRA's arbitral immunity, the Court does not address FINRA's other arguments for dismissal, except for its Rule 12(b)(6) argument, *see infra* n.9.

4

*Austern v. Chicago Bd. Options Exchange, Inc.*, 898 F.2d 882, 886 (2d Cir. 1990) (cited by *Pfannenstiel*, 477 F.3d at 1158-59).

## ANALYSIS

Arbitral immunity protects FINRA from Plaintiff's claims. Plaintiff's allegations in his Complaint against FINRA are sparse but center on FINRA's actions as the arbitral body for Plaintiff's dispute with Schwab. *See* Dkt. 1, pp.6-8. The Complaint begins by describing Plaintiff's dispute with Schwab. *Id.* at p.6. It cites several "findings of fact" (as characterized by Plaintiff) made at the FINRA arbitration that purport to demonstrate that Schwab's termination of the Services Agreement was wrongful and caused Plaintiff damages. *Id.* at pp.6-8. And it makes a conclusory statement that FINRA committed "actions . . . so clearly disallowed under the law [of] inexcusable acts of negligence, evident partiality, undo means, manifest disregard of the law, and fraud . . . ." *Id.* at p.7.

But the Complaint provides no factual allegations to support its conclusory statements.[9] Conclusory allegations are those that express "a factual inference

---

[9] The Court alternatively holds that the Complaint should be dismissed against FINRA pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While the Court accepts the well-pleaded facts as true and views the allegations in the light most favorable to the non-movant, the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th

5

without stating the underlying facts on which the inference is based." Black's Law Dictionary (11th ed. 2019); *see also Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) (Conclusory allegations fail to apprise defendants "of the conduct that forms the basis of the charges against them."); *Morris v. Thaler*, 425 F. App'x 415, 421 (5th Cir. 2011) (Conclusory allegations are "vague, lacking in specifics, or amount to mere recitations of the relevant legal standards without any supporting factual narrative."). As in *Pfannenstiel*, Plaintiff here is attacking FINRA solely for FINRA's actions, decisions, and rulings as the arbitral body made during the arbitration of his dispute with Schwab.

Moreover, Plaintiff's Response to the Motion merely cements the Court's view. His arguments about FINRA focus on the FINRA arbitration and the various rulings of the arbitrators. *See* Dkt. 33, p.2 ("FINRA then protecting Schwab from giving CBI/Jason Clark discovery by issuing a PROTECTIVE ORDER blocking CBI/Jason Clark from obtaining any discovery."); *id.* at p.3 (arguing Plaintiff was not provided any discovery during FINRA arbitration in contravention of his understanding of the FINRA arbitration rules, among other parameters); *id.* at p.7 (same); *id.* at p.8 (arguing FINRA arbitral panel incorrectly entered protective order, denying Plaintiff discovery, and then ruled he had waived discovery); *id.* at pp.12-14 (same).

---

Cir. 2009) (cleaned up). Here, ignoring Plaintiff's legal conclusions, the factual allegations concerning FINRA are insufficient to survive a Rule 12(b)(6) challenge.

6

Plaintiff misperceives *Pfannenstiel*. *See* Dkt. 33, p.13-14. While he is correct the *Pfannenstiel* court stated, "This circuit has not yet ruled on the doctrine of arbitral immunity," the court went on to hold that arbitral immunity applied in that case. *Pfannestiel*, 477 F.3d at 1158, 1160. The court also said, "We agree with Pfannenstiel that the doctrine of arbitral immunity does not protect arbitrators or their employing organizations from all claims asserted against them." *Id.* at 1159. But it then analyzed Pfannenstiel's allegations and determined that arbitral immunity did, in fact, apply because the allegations attacked the arbitrator's decisions on issues the parties submitted to arbitration. *Id.* at 1159-60.

Like in *Pfannenstiel*, Plaintiff is simply attacking the decisions and rulings of the arbitral panel made during the arbitration. *See id.* at 1159-60. Thus, arbitral immunity applies.

\*   \*   \*

Because the Court finds FINRA is entitled to arbitral immunity, the Court GRANTS FINRA's Motion, without prejudice, and DISMISSES FINRA from this case.

DATED: April 22, 2024.

BY THE COURT

_____

S. Kato Crews
United States District Judge

7