IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02170-SKC-JPO

JASON RAY CLARK,

    Plaintiff,

v.

COLORADO DIVISION OF SECURITIES, *et al.*,

    Defendants.

## ORDER REGARDING SCHWAB MOTION TO COMPEL ARBITRATION

Plaintiff Jason Ray Clark, proceeding *pro se*,[1] is plainly upset by the prior outcome of the FINRA[2] arbitration held between himself and Clark Brothers Investments (CBI) on the one hand, and Charles Schwab & Co., Inc. (Schwab), on the other.[3] This case is one of many filed by Plaintiff, proceeding *pro se* in each, that find their genesis in a dispute between Plaintiff and Schwab. The original

---

[1] Because Plaintiff proceeds *pro se*, the Court must construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court cannot act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] FINRA is short for Financial Industry Regulatory Authority, a "not-for-profit organization that oversees U.S. broker-dealers." *About FINRA*, https://www.finra.org/about (Apr. 22, 2024).

[3] The Court will borrow liberally from its earlier order, Dkt. 48, in this case to recount the relevant factual and procedural background.

1

dispute came to a head when Schwab notified Plaintiff that effective July 6, 2021, Schwab intended to terminate the Investment Advisor Services Agreement (Services Agreement) between Plaintiff, operating as CBI,[4] and Schwab. *Clark v. Charles Schwab & Co. Inc.*, No. 1:22-cv-03015-SKC-SBP, ECF Dkt. 27, at *2 (D. Colo. Mar. 26, 2024) (hereinafter *Clark I*).[5] CBI, through Plaintiff, then began a FINRA arbitration against Schwab. *Id.* The FINRA arbitral panel ruled that all of Plaintiff's arbitration claims failed and awarded nothing to either side.[6] *Id.* This case and Plaintiff's other cases followed.[7]

---

[4] Plaintiff refers to himself and CBI interchangeably. CBI appears to be an expired trade name of Plaintiff. *See* Colorado Secretary of State – Summary, https://www.coloradosos.gov/biz/TradeNameSummary.do?quitButtonDestination=BusinessEntityResults&nameTyp=TRDNM&masterFileId=20181450606&entityId2=20181450606&fileId=20181450606&srchTyp=TRDNM (Apr. 22, 2024). The Court will refer to them interchangeably, unless otherwise noted.

[5] The Court takes judicial notice of Plaintiff's other related lawsuits and documents filed in those cases, including for the factual background of this case. *See Armstrong v. JPMorgan Chase Bank Nat'l Ass'n*, 633 F. App'x 909, 911 (10th Cir. 2015) (citation omitted) ("A court may consider facts subject to judicial notice–including facts that are a matter of public record, such as documents filed in other litigation . . . ."); *Tuttle v. Nationwide Affinity Ins. Co. of Am.*, No. 19-cv-00526-NYW, 2019 WL 2208513, at *2 (D. Colo. May 22, 2019) (a court may take judicial notice of other cases for the factual background of the case).

[6] The panel did assess arbitration fees against the parties totaling $22,650.

[7] Plaintiff's additional cases in the District Court of Colorado include: *Clark v. Charles Schwab & Co. Inc.*, No. 1:22-cv-03015-SKC-SBP (dismissed for lack of subject matter jurisdiction); *Clark v. Colorado Division of Securities*, 1:23-cv-00191-SKC-JPO (dismissed for lack of subject matter jurisdiction); *Clark v. Kidd-Aaron*, 1:23-cv-00860-LTB (dismissed for failure to prosecute and to cure deficiencies); *Clark Brothers, Inc. v. Colorado Division of Securities*, 1:23-cv-02166-CNS-SKC (dismissed for failing to comply with Fed. R. Civ. P. 11, D.C.Colo.LAttyR 5(a)(5), and

2

Plaintiff filed his Complaint in this case on August 24, 2023, against Defendants Colorado Department of Securities (CDS), Colorado Attorney General, FINRA, and Schwab. Dkt. 1, p.2.[8] He alleges a variety of claims, including that Defendants violated his First Amendment right to free speech, his "right to due process and discovery" under the Fifth and Fourteenth Amendments, "the Constitutionality of State Statu[t]es by Violating The United States Constitution's separation of powers clause and appointments & removal clause," Plaintiff's "constitutional unalienable right of life, liberty, and the pursuit of happiness," and "[i]nexcusable acts of negligence, evident partiality, undo means, manifest disregard of the law, and fraud." *Id.* at pp.3, 6. Plaintiff's claims stem from the aforementioned FINRA arbitration, which Plaintiff alleges was prompted by CDS making statements or inquiries about Plaintiff to Schwab. *Id.* at p.6. Plaintiff seeks damages of $3,998,142,530 and reinstatement of his investment advisor licenses. *Id.* at p.4.

On October 3, 2023, Schwab filed its Motion to Compel Arbitration (Motion) arguing the Court should stay or dismiss Plaintiff's claims against it because Plaintiff's dispute is subject to mandatory arbitration under the provisions of the

---

D.C.Colo.LAttyR 5(b)); *Clark v. Weiser*, 1:23-cv-03187-LTB (dismissed for failure to prosecute and to cure deficiencies); and *Clark v. Weiser*, 1:23-cv-03283-SKC-SBP (pending).

[8] The Court uses "Dkt.__" to refer to specific docket entries in the CM/ECF electronic docket.

3

Services Agreement. Dkt. 17, pp.4-5. Plaintiff filed his Response (Dkt. 22) opposing the Motion, and Schwab filed a Reply (Dkt. 26) in support of it. In addition, Schwab's counsel filed a Declaration that attached several court documents from Plaintiff's other cases, and arbitration documents from the FINRA arbitration. Dkt. 18.

The Court carefully reviewed the Motion, associated briefing, the Declaration and its attachments, the docket, and applicable law. No hearing is necessary. Because the Court finds Plaintiff's claims against Schwab are subject to the mandatory arbitration provision of the Services Agreement, the Court GRANTS the Motion and STAYS any further proceedings against Schwab by Plaintiff in this case until the conclusion of the arbitration.

## **LEGAL PRINCIPLES**

The Federal Arbitration Act (FAA), 9 U.S.C. §1, *et seq.*, evinces a strong federal public policy in favor of arbitration. *See Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009); *1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1055 (10th Cir. 2006) ("The FAA 'manifests a liberal federal policy favoring arbitration.'" (quoting *Comanche Indian Tribe v. 49, L.L.C.*, 391 F.3d 1129, 1131 (10th Cir. 2004))).

Pursuant to § 4 of the FAA:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. Agreements to arbitrate are "valid, irrevocable, and enforceable, save

4

upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Absent some ambiguity in the [arbitration] agreement, . . . it is the language of the contract that defines the scope of disputes subject to arbitration." *1mage Software*, 459 F.3d at 1055 (quoting *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002)) (alterations in original). "As with any other contract, the parties' intentions control, but those intentions are generously construed as to the issues of arbitrability." *Id.* (quoting *Williams v. Imhoff*, 203 F.3d 758, 764 (10th Cir. 2000)).

Here, the Services Agreement between Plaintiff and Schwab has an expansive arbitration provision that includes submitting to arbitration any questions about the arbitrability of a particular issue:

> *You agree that any controversy or claim arising out of or relating to (i) this Agreement*, any other agreement with Schwab, an instruction or authorization provided to Schwab, *or the breach of any such agreements, instructions, or authorizations*; (ii) any or all accounts you maintain or serve as Investment Advisor for at Schwab (including your appointment as "investment manager" as defined under Section 3(38) of the Employment Retirement Income Security Act of 1974), any other Schwab account services; and (iii) transactions in any such account or in any way arising from your relationship with Schwab, its parent, subsidiaries, affiliates, officers, directors, employees, agents, or service providers ("Related Third Parties"), *including any controversy over the arbitrability of a dispute, will be settled by arbitration.*

Services Agreement, Dkt. 18-2, § 14 (emphasis added).

Plaintiff has not provided any argument as to why his disputes against Schwab, asserted in his Complaint, are not subject to this mandatory arbitration provision. *See generally* Dkt. 22; *see also* Dkt. 18-6 (Plaintiff's response brief filed

5

in response to the motion to compel arbitration filed by Schwab in *Clark v. Colorado Division of Securities*, 1:23-cv-00191-SKC-JPO); *see also McFadden v. Meeker Hous. Auth.*, No. 16-CV-2304-WJM-GPG, 2017 WL 3676472, at *2 (D. Colo. Aug. 25, 2017) ("Defendants' failure to answer Plaintiffs' argument is deemed a concession that Plaintiffs' argument is correct."). Moreover, his complaints about Schwab involve its termination of the Services Agreement. Indeed, he has already participated in a FINRA arbitration against Schwab concerning its termination of that agreement. *Clark I*, No. 1:22-cv-03015-SKC-SBP, ECF Dkt. 27, at *2.

The arbitration clause is clear and unambiguous that it applies to all disputes between the parties. Dkt. 18-2, § 14. Even the question of whether the clause itself is valid and whether the claims are of the type subject to arbitration must be resolved through the arbitration process based on the clause. *Id.* The Court agrees with Schwab that Plaintiff's disputes against it here are subject to mandatory arbitration.

In its request, Schwab asks this Court to stay the proceedings, or alternatively, dismiss this action against Schwab. Under the Act, when a district court determines an issue is "referable to arbitration," the court "*shall* on application of one of the parties *stay the trial of the action until such arbitration has been had* in accordance with the terms of the agreement." 9 U.S.C. § 3 (emphasis added). This language is clear, and therefore, the Court concludes a stay of these proceedings is the more appropriate course of action. *See Gidding v. Fitz*,

6

No. 17-cv-01334-RM-NYW, 2018 WL 480607, at *14 (D. Colo. Jan. 19, 2018), *report and recommendation adopted*, No. 17-CV-01334-RM-NYW, 2018 WL 11000688 (D. Colo. Feb. 27, 2018), *aff'd*, 752 F. App'x 656 (10th Cir. 2018).

\*     \*     \*

Because the Court finds Plaintiff's claims against Schwab are subject to mandatory arbitration under the Services Agreement, the Court GRANTS Schwab's Motion. It is ORDERED that Plaintiff submit his claims asserted herein against Schwab to arbitration in accordance with the mandatory arbitration provision of the Services Agreement. It is FURTHER ORDERED that this matter is STAYED as against SCHWAB until completion of the arbitration. The Court FURTHER ORDERS these parties to file a Joint Status Report on or before October 22, 2024, updating the Court on the status of their arbitration.

DATED: April 22, 2024.

BY THE COURT

_____

S. Kato Crews
United States District Judge