IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02170-SKC-JPO

JASON RAY CLARK,

    Plaintiff,

v.

COLORADO DIVISION OF SECURITIES, *et al.*,

    Defendants.

---

**ORDER GRANTING COLORADO DEFENDANTS'
MOTION TO DISMISS (DKT. 41)**

---

The catalyst of this case, and Plaintiff Jason Ray Clark's numerous other cases,[1] was the decision by Defendant Charles Schwab & Co., Inc. (Schwab) to notify Plaintiff that effective July 6, 2021, Schwab intended to terminate the Investment Advisor Services Agreement (Services Agreement) between it and Plaintiff, operating

---

[1] Plaintiff's additional cases in the District of Colorado include: *Clark v. Charles Schwab & Co. Inc.*, No. 1:22-cv-03015-SKC-SBP (dismissed for lack of subject matter jurisdiction) (hereinafter *Clark I*); *Clark v. Colorado Division of Securities*, 1:23-cv-00191-SKC-JPO (dismissed for lack of subject matter jurisdiction); *Clark v. Kidd-Aaron*, 1:23-cv-00860-LTB (dismissed for failure to prosecute and to cure deficiencies); *Clark Brothers, Inc. v. Colorado Division of Securities*, 1:23-cv-02166-CNS-SKC (dismissed for failing to comply with Fed. R. Civ. P. 11, D.C.Colo.LAttyR 5(a)(5), and D.C.Colo.LAttyR 5(b)); *Clark v. Weiser*, 1:23-cv-03187-LTB (dismissed for failure to prosecute and to cure deficiencies); *Clark v. Weiser*, 1:23-cv-03283-SKC-SBP (pending); *Clark v. Weiser*, 1:24-cv-01000-SKC (pending).

1

as Clark Brothers Investments. *Clark I*, No. 1:22-cv-03015-SKC-SBP, ECF Dkt. 27, at *2 (D. Colo. Mar. 26, 2024).[2] Relevant here, Plaintiff alleges Schwab's decision to terminate the Services Agreement was partly prompted by inquiries concerning Plaintiff that Schwab received from Defendant Colorado Department of Securities (Department). Dkt. 1, p.6. Plaintiff further alleges Schwab improperly terminated the Services Agreement because of the Department's unwarranted inquiries. *Id.* He claims the Department and Defendant Colorado Attorney General then prosecuted an action against him to improperly revoke his securities licenses. *Id.* at pp.6-7. This case, in which Plaintiff proceeds *pro se*,[3] resulted.

Plaintiff filed his Complaint in this case on August 24, 2023, against Defendants Department and Colorado Attorney General (collectively, "State Defendants"), FINRA,[4] and Schwab. Dkt. 1, p.2.[5] He alleges a variety of claims,

---

[2] The Court takes judicial notice of Plaintiff's other related lawsuits and documents filed in those cases, including for the factual background of this case. *See Armstrong v. JPMorgan Chase Bank Nat'l Ass'n*, 633 F. App'x 909, 911 (10th Cir. 2015) (citation omitted) ("A court may consider facts subject to judicial notice–including facts that are a matter of public record, such as documents filed in other litigation . . . ."); *Tuttle v. Nationwide Affinity Ins. Co. of Am.*, No. 19-cv-00526-NYW, 2019 WL 2208513, at *2 (D. Colo. May 22, 2019) (a court may take judicial notice of other cases for the factual background of the case).

[3] Because Plaintiff proceeds *pro se*, the Court must construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court cannot act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] FINRA is short for Financial Industry Regulatory Authority.

[5] The Court will borrow liberally from its earlier order, Dkt. 48, in this case to recount the relevant factual and procedural background.

2

including that Defendants violated his First Amendment right to free speech, his "right to due process and discovery" under the Fifth and Fourteenth Amendments, "the Constitutionality of State Statu[t]es by Violating The United States Constitution's separation of powers clause and appointments & removal clause," Plaintiff's "constitutional unalienable right of life, liberty, and the pursuit of happiness," and "[i]nexcusable acts of negligence, evident partiality, undo means, manifest disregard of the law, and fraud." *Id.* at pp.3, 6.

As mentioned, his claims against the State Defendants arise from Schwab's termination of the Services Agreement, which Plaintiff alleges was prompted by the Department making statements or inquiries about Plaintiff to Schwab. *Id.* at p.6. Plaintiff further alleges the State Defendants wrongfully revoked his securities licenses. *Id.* at pp.6-7. He seeks damages of nearly $4 billion and reinstatement of his investment advisor licenses. *Id.* at p.4.

On December 7, 2023, the State Defendants filed their Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Motion) arguing the Court should dismiss Plaintiff's claims against them because the Court lacks subject matter jurisdiction for three reasons: (1) they have sovereign immunity under the Eleventh Amendment; (2) the *Younger* abstention doctrine—*Younger v. Harris*, 401 U.S. 37 (1971)—requires this Court abstain from acting because there is a parallel state court action; and (3) the Colorado Governmental Immunity Act (CGIA) bars Plaintiff's tort claims. Dkt. 41, pp.1-2. The Motion further argues the Complaint fails to state a claim

3

upon which relief can be granted. *Id.* at p.2. Plaintiff did not file a response brief.

The Court has carefully reviewed the Motion, the docket, and applicable law. No hearing is necessary. Because the Court finds the *Younger* abstention doctrine applies, and the Complaint fails to state a claim against the State Defendants, the Court GRANTS the Motion and DISMISSES the State Defendants from this case.[6]

## LEGAL PRINCIPLES

As courts of limited jurisdiction, federal courts must have a specific legal basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). The determination of a court's subject matter jurisdiction is a question of law. *Madsen v. U.S. ex rel. U.S. Army, Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

*Younger* and its progeny guide that the federal courts should "not interfere with state court proceedings by granting equitable relief—such as injunctions of

---

[6] Because dismissal is based on *Younger* and Rule 12(b)(6), the Court does not address the State Defendants' other arguments for dismissal.

4

important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). *Younger* abstention applies when:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)). The first *Younger* element involves two subparts: the proceedings must be ongoing and the type afforded *Younger* deference. *Hunter v. Hirsig*, 660 F. App'x 711, 715 (10th Cir. 2016). If all three conditions exist, "*Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Chapman*, 472 F.3d at 749 (quoting *Crown Point I, LLC*, 319 F.3d at 1215).

## ANALYSIS

### A. *Younger* Abstention

The Court concludes all three *Younger* conditions exist regarding the relief Plaintiff seeks. First, according to Plaintiff's Complaint, there is an ongoing administrative proceeding to revoke Plaintiff's securities licenses. Dkt. 1, pp.6-7. The State Defendants initiated that administrative proceeding, which bears case no. XY-2022-0001. *Id.* at p.6. The administrative law judge ruled that Plaintiff's licenses

5

should be revoked and that order was made final. *Id.* at p.6; Dkt. 41-1, p.12 (Initial Decision revoking Plaintiff's licenses); Dkt. 41-2, p.6 (Final Order affirming Initial Decision). And that matter is continuing. Plaintiff has continued the administrative proceeding by appealing the administrative decision to the Colorado Court of Appeals, which has not yet ruled. Dkt. 1, p.6; Dkt. 41-3 (Notice of Appeal, case no. 2023CA2061).

Moreover, the Court finds the state appellate case is the type of action to which the *Younger* abstention doctrine applies. "[T]he Supreme Court has held that *Younger* applies to 'particular state civil proceedings that are akin to criminal prosecutions.'" *Hunter*, 660 F. App'x at 716 (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 69 (2013)). These include "civil enforcement proceedings, characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act." *Id.* (internal quotation marks and citations omitted). In addition, the Tenth Circuit has described civil enforcement proceedings as those which are "coercive." *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1222 (10th Cir. 2018). "Civil enforcement proceedings are coercive when the state initiates the proceedings and the target of those proceedings challenges them as unlawful in federal court." *Id.*

Here, the state initiated a coercive civil enforcement proceeding to revoke Plaintiff's securities licenses as a sanction for his alleged violations of state securities licensing requirements. *See* Dkt. 1, pp.6-7; Dkt. 41-1, p.12; Dkt. 41-2, p.6; Dkt. 41-3.

6

Because the state revocation proceedings remain open through the pending appeal before the state appellate court, and because they are of the type due *Younger* deference, the first element of the *Younger* doctrine is met.

The Court next finds the state proceedings are an adequate forum in which Plaintiff can raise his allegations brought here. The Colorado Administrative Procedure Act (APA) sets forth the process by which the state may revoke a license required by law, such as the securities licenses at issue here. Colo. Rev. Stat. §§ 24-4-104, -105, and -106. The Tenth Circuit has held Colorado state proceedings provide an adequate forum to hear constitutional claims because "[t]he Colorado [APA] provides that '[i]n order to assure that all parties to any agency adjudicatory proceeding are accorded due process of law,' the administrative law judge has the authority 'to dispose of motions to dismiss for lack of agency jurisdiction over the subject matter or parties or for *any other ground*.'" *Amanatullah*, 187 F.3d at 1164 (emphasis in original) (citing Colo. Rev. Stat. § 24-4-105(1) and (4)). Moreover, the Colorado APA provides for judicial review of the administrative law judge's decision. Colo. Rev. Stat. § 24-4-106. And Plaintiff has in fact availed himself of this review because his appeal is currently pending with the Colorado Court of Appeals. *See* Dkt. 41-3. Thus, the second *Younger* element is satisfied.

Third, the Court finds the state's interest in licensing securities advisors involve important state interests. The state enacted the securities licensing system "to protect investors and maintain public confidence in securities markets while

7

avoiding unreasonable burdens on participants in capital markets." Colo. Rev. Stat. § 11-51-101(2). Judges in this district have found this statutory language persuasive regarding the state's interests. *Cf. Humphrey v. Escalera Resources Co.*, No. 15-cv-00769-RM-NYW, 2018 WL 4565567, at *1 (D. Colo. Sept. 24, 2018) (citing Colo. Rev. Stat. § 11-51-101(2) to support the Court's awarding attorney fees pursuant to Colo. Rev. Stat. § 11-51-604(3)). And other courts have found state licensing of other types of professionals to involve important state interests. *See, e.g., Hunter*, 660 F. App'x at 717 (insurance agents); *Amantullah*, 187 F.3d at 1164-65 (physicians). Thus, the third element of *Younger* abstention is satisfied.

The Court also finds no "extraordinary circumstances" exist that would give pause to the application of *Younger*. *See Chapman*, 472 F.3d at 749. "The *Younger* abstention doctrine does not apply 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Amanatullah*, 187 F.3d at 1165 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). But "'it is the plaintiff[']s 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment.'" *Id.* (quoting *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997)). The latter is all Plaintiff has alleged here.

Aside from conclusory statements in the Complaint characterizing the State Defendants' license-revocation efforts as "retaliatory" or an "abuse of power," the

Complaint, even construing it liberally, fails to allege any factual allegations to plausibly support an inference of bad faith or harassment on the part of the state actors. *See* Dkt. 1, pp.6-8; s*ee Weitzel*, 240 F.3d at 877 (The Tenth Circuit found no extraordinary circumstances existed where plaintiff "has offered nothing more than his own assertions"). To be sure, Plaintiff's "pending state court action may resolve any violations which may have occurred to his protected rights. Accordingly, this is not one of the extraordinary circumstances where irreparable injury can be shown." *See Weitzel*, 240 F.3d at 877.

Nor does the fact that Plaintiff seeks monetary damages in addition to injunctive relief provide an obstacle to applying *Younger* to his claims. The *Younger* doctrine extends to claims for monetary relief "when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (citation omitted). Here, a judgment in Plaintiff's favor on his claims seeking almost $4 billion in damages would necessarily result in a preclusive effect on the pending state action. Because the outer bounds of Plaintiff's claims are difficult to decipher (even under a liberal construction), the Court sees no manner in which a judgment in his favor on one or more of his claims that Defendants violated his First Amendment right to free speech, his "right to due process and discovery" under the Fifth and Fourteenth Amendments, "the Constitutionality of State Statu[t]es by Violating The United States Constitution's separation of powers clause and appointments & removal clause,"

9

Plaintiff's "constitutional unalienable right of life, liberty, and the pursuit of happiness," and "[i]nexcusable acts of negligence, evident partiality, undo means, manifest disregard of the law, and fraud," would not necessarily result in a determination that the state wrongfully inquired into his investment activities and wrongfully revoked his securities licenses. *See* Dkt. 1, pp.3, 6; *see Weitzel*, 240 F.3d at 877-78 (Tenth Circuit affirming dismissal based on *Younger* abstention even though the plaintiff also sought monetary damages); *but see D.L.*, 392 F.3d at 1228 (Tenth Circuit merely staying damages claims that were subject to *Younger* abstention).

For all of these reasons, the Court finds *Younger* applies.

### B. Rule 12(b)(6)

The Court alternatively grants the Motion because the Complaint fails Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While the Court accepts the well-pleaded facts as true and views the allegations in the light most favorable to the non-movant, the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations are those that express "a factual inference without stating the underlying facts on which the inference is based." Black's Law Dictionary (11th ed. 2019); *see also Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir.

10

2013) (Conclusory allegations fail to apprise defendants "of the conduct that forms the basis of the charges against them."); *Morris v. Thaler*, 425 F. App'x 415, 421 (5th Cir. 2011) (Conclusory allegations are "vague, lacking in specifics, or amount to mere recitations of the relevant legal standards without any supporting factual narrative.").

To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (cleaned up). Ignoring Plaintiff's abundant conclusory statements and allegations in his Complaint, the well-pleaded factual allegations concerning the State Defendants do not pass muster and are insufficient to survive a Rule 12(b)(6) challenge. The Motion is also granted on this basis.

\*   \*   \*

Because the Court concludes all three *Younger* factors have been met, and no extraordinary circumstances exist, *Younger* abstention is non-discretionary. Therefore, the Court GRANTS the State Defendants' Motion on *Younger* grounds. Additionally, the Court FINDS the Complaint fails Rule 12(b)(6), and the Motion is GRANTED also on that basis. It is ORDERED that the State Defendants and the claims against them are hereby DISMISSED from this action.

DATED: April 26, 2024.

BY THE COURT:

_____
S. Kato Crews
United States District Judge

12